## PAUL BRADY v. STATE.

No. A-8856. June 21, 1935.
(46 Pac. [2d] 963.)

Meacham, Meacham & Meacham, for plaintiff in error.

The Attorney General, for the State.

DOYLE. J. Plaintiff in error, Paul Brady, was tried and convicted on an information charging that in Washita county, September 8, 1933, he did have in his possession about one-half gallon of whisky with the unlawful intent to sell the same. The jury failed to agree upon the punishment.

Motion for new trial was duly filed and denied. November 24, 1934, the court sentenced him to pay a fine of $250 and to be confined in the county jail for 30 days. To reverse the judgment he appeals.

The errors assigned and argued are that the evidence is insufficient to sustain the verdict and judgment and that the county attorney was guilty of conduct prejudicial to the rights of the defendant.

Perry S. Sullins, deputy sheriff, testified that he, in company with W. H. Dean, passed the defendant's filling station and he "saw Paul go up that way and get something there close to the road," and after they returned to Cordell he obtained a search warrant and returned to the defendant's filling station and found one-half gallon of whisky 15 or 20 steps north of the station under a Russian thistle in John Bollinger's field.

Mr. Dean, undersheriff, testified that he was with witness Sullins and after serving the search warrant Sullins found a half gallon of whisky up the fence row north of the station; that he did not see him pick it up and could not tell how far north he found the whisky.

The defendant testified that he lives a little less than a mile east of Bessie on highway 14 and runs a Conoco filling station there; that he has lived in Washita county 24 years, is married, and has two children; that he never owned and never did have in his possession the whisky Perry Sullins testified that he found; that the first time he ever saw the jar, introduced in evidence, was the day the warrant was served on him and he saw Perry Sullins about 300 yards north of the station when he picked up the whisky.

We quote the following cross-examination:

"Q. What other business do you run there besides running a filling station?   A. Nothing.

"Q. You bootleg up there all the time, don't you?   A. I do not.

"Q. Do you sell whisky?   A. No, sir.

"The Court:   Objection sustained.

"Counsel for state:   Exceptions."

At the close of the testimony the defendant moved the court to instruct the jury to acquit the defendant for the reason that the evidence is insufficient to sustain a verdict of guilty.   Motion overruled.   Exception reserved.

It is made the duty of the trial court, in a criminal case, where he deems the evidence insufficient to warrant a conviction, to advise the jury to acquit.   Section 3090, St. 1931.

The facts and circumstances in evidence in the case are wholly circumstantial and did not show the actual or constructive possession of intoxicating liquor.

The general rule is, where evidence is circumstantial, the facts shown must not only be consistent with and point to the guilt of the defendant, but must be inconsistent with his innocence.   Carefully considering the competent testimony in the case, we are clearly of the opinion that the verdict is contrary to law and the evidence, and for that reason the trial court should have sustained the motion of the defendant for acquittal.   The judgment therefore is reversed.

DAVENPORT, P. J., concurs.   EDWARDS, J., absent.